UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HOTI ENTERPRISES, LP                                                        CV-14-00293 (ENV)(SMG)

                      Plaintiff,                                      ANSWER

     -against-

ANDY PANKEN, STERN KEISER & PANKEN, LLP
LAWRENCE REICH, JEFFREY REICH,
REICH, REICH & REICH PC, DELBELLO DONNELLAN
WEINGARTEN, WISE & WIDERKEHR, LLP, ROBERT
L. RATTET, JAMES B. GLUCKMAN,
RATTET PASTERNAK, LLP F/K/A RATTET, PASTERNAK
& GORDON-OLIVER, LLP, TANYA DWYER, DAVID S.
HAMILTON, DWYER & ASSOCIATES, LLC, FRANK V.
CARONE, FRANK R. SEDDIO, ABRAMS FENSTERMAN,
LLP F/K/A SEDDIO AND CARONE, PLLC, AND
CARL E. PERSON

                      Defendants.
------------------------------------------------------------------------X

      Defendants FRANK V. CARONE, FRANK R. SEDDIO, and ABRAMS FENSTERMAN, LLP F/K/A SEDDIO AND CARONE, PLLC, (hereinafter "Defendants"), by their undersigned attorneys, as and for their answer to the Amended Complaint in this action, allege as follows:

      FIRST:    Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "1", "3", "4", "5", "6", "7", "8", "9", "12", "13", "15", "16", "17", "19", "21", "22", "23", "24", "25", "30", "31", "32", "33", "34", "35", "36", "37", "38", ""42", "43", "44", "45", "46", "50", "51", "52", "54", "56", "60", "64", "65", "68", "72", "74", "75", "76", "80", "83", "84", "85", "86", "87", "88", "90", "91", "92", "93",

1

"106", "107", "109", "110", "112", "114", "115", "116", "117", "118", "120" and "126" of the Complaint.

SECOND:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "2" of the Complaint, excepts admit upon information and belief that Dedvukaj is a principal in plaintiffs.

THIRD:   Defendants deny each and every allegation contained within paragraphs numbered "10" and "11" of the Complaint, except admit that Frank V. Carone and Frank R. Seddio are attorneys duly licensed to practice in the State of New York, were formerly members of Seddio and Carone, PLLC, are residents of Kings County, New York, and that Carone is a partner at Abrams Fensterman LLP.

FOURTH:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "14", "20", "26", "27", "39", "40", "41", "47", "48", "49", "55", "57", "58", "59", "67", "69", "70", "71", "77", "78", "79", "96", "97", "103", "108", "111", "113", "123", "124", "127", and "128" of the Complaint, and refer this Court to the documents referenced therein for their contents.

FIFTH:   Defendants deny each and every allegation contained within paragraphs numbered "18", "94", "102", "104", "105", "121", "122", and "125" of the Complaint.

SIXTH:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "28", "29", "53", "61", "62", "63", "66", and "73" of the Complaint, and refer issues of law to this Court for determination.

SEVENTH:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "81", "82" and "89" of the Complaint, and refer this Court to the documents transcript of the referenced proceedings for its contents.

EIGHTH:   Defendants deny each and every allegation contained within paragraph numbered "95" of the Complaint, except admit that plaintiff retained the Defendants to review certain documents.

NINTH:   Defendants deny each and every allegation contained within paragraph numbered "98" of the Complaint, except admit that plaintiff made payment to Defendants for services rendered.

TENTH:   Defendants deny each and every allegation contained within paragraphs numbered "99", "100", and "101" of the Complaint, and affirmatively allege that teh Defendants were not retained to assume representation of plaintiff in any litigation.

ELEVENTH:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "119" of the Complaint, except admit upon information and belief that Person failed to become President.

## ANSWERING THE FIRST CAUSE OF ACTION

TWELFTH:  Answering paragraph numbered "129" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

THIRTEENTH:   Defendants deny each and every allegation contained within paragraph numbered "130" of the Complaint.

FOURTEENTH:  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "131", "132", "133", "134", "135", "136", "137" and "138" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

FIFTEENTH:   Answering paragraph numbered "139" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

SIXTEENTH:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "140", "141", "142", "143", "144", "145", "146", "147", and "148" of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

SEVENTEENTH:   Answering paragraph numbered "149" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

EIGHTEENTH:   Defendants deny each and every allegation contained within paragraph numbered "150" of the Complaint.

NINETEENTH:  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "151", "152", "153", "154", "155", "156", "157", "158", "159", "160" and "161" of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

TWENTIETH:   Answering paragraph numbered "162" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

TWENTY-FIRST:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "163", "164", "165", "166", "167", "168", "169", "170", and "171" of the Complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

TWENTY-SECOND:   Answering paragraph numbered "172" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

TWENTY-THIRD:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "173", "174", "175", "176", "177", "178", "179", "180", "181", "182", "183" and "184" of the Complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION

TWENTY-FOURTH:   Answering paragraph numbered "185" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

TWENTY-FIFTH:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "186", "187", "188", "189", "190", "191", "192", "193", and "194" of the Complaint.

### ANSWERING THE SEVENTH CAUSE OF ACTION

TWENTY-SIXTH:   Answering paragraph numbered "195" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the

allegations contained therein, with the same force and effect as though more fully set forth at length herein.

TWENTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "196", "197", "198", "199", "200", "201", "202", "203", "204", "205", "206" and "207" of the Complaint.

### ANSWERING THE EIGHTH CAUSE OF ACTION

TWENTY-EIGHTH: Answering paragraph numbered "208" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

TWENTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "209", "210", "211", "212", "213", "214", "215", and "216" of the Complaint.

### ANSWERING THE NINTH CAUSE OF ACTION

THIRTIETH: Answering paragraph numbered "217" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

THIRTY-FIRST: Defendants deny each and every allegation contained within paragraphs numbered "220", "221", "222", "223", "224", "225", "226", "227", "228", and "229" of the Complaint.

THIRTY-SECOND:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "218" of the Complaint, and refer issues of law to the Court for determination.

THIRTY-THIRD:   Defendants deny each and every allegation contained in paragraph numbered "219" of the Complaint, except admit that the Defendants were retained to provide certain legal services.

## ANSWERING THE TENTH CAUSE OF ACTION

THIRTY-FOURTH:  Answering paragraph numbered "230" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

THIRTY-FIFTH:   Defendants deny each and every allegation contained in paragraphs numbered "231", "232", and "233" of the Complaint, except admit that the Defendants were retained to provide certain legal services and did provide such services as they were retained to provide in a competent manner.

THIRTY-SIXTH:   Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "234", "235", "236", "237", and "238" of the Complaint.

## ANSWERING THE ELEVENTH CAUSE OF ACTION

THIRTY-SEVENTH:    Answering paragraph numbered "239" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

THIRTY-EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "240", "241", "242", "243", "244", "245", "246", "247", "248", "249", "250" and "251" of the Complaint.

### ANSWERING THE TWELFTH CAUSE OF ACTION

THIRTY-NINTH: Answering paragraph numbered "252" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

FORTIETH: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "253", "254", "255", "256", "257", "258", "259", and "260" of the Complaint.

### ANSWERING THE THIRTEENTH CAUSE OF ACTION

FORTY-FIRST: Answering paragraph numbered "261" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

FORTY-SECOND: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "262" of the Complaint, and refer issues of law to the court for determination.

FORTY-THIRD: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "263", "264", "265", "266", "267", "268", "269" and "270" of the Complaint.

## ANSWERING THE FOURTEENTH CAUSE OF ACTION

FORTY-FOURTH:  Answering paragraph numbered "271" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

FORTY-FIFTH:  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "272" of the Complaint, and refer issues of law to the court for determination.

FORTY-SIXTH:  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "273", "274", "275", "276", "277", "278", "279" and "280" of the Complaint.

## ANSWERING THE FIFTEENTH CAUSE OF ACTION

FORTY-SEVENTH: Answering paragraph numbered "281" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

FORTY-EIGHTH:  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "282" of the Complaint, and refer issues of law to the court for determination.

FORTY-NINTH:  Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "283", "284", "285", "286", "287", "288", "289", "290" and "291" of the Complaint.

## ANSWERING THE SIXTEENTH CAUSE OF ACTION

FIFTIETH: Answering paragraph numbered "292" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

FIFTY-FIRST: Defendants deny each and every allegation contained in paragraphs numbered "293", "294", "295", "296", "297", "298", "299", "300", "301", and "302" of the Complaint.

## ANSWERING THE SEVENTEENTH CAUSE OF ACTION

FIFTY-SECOND: Answering paragraph numbered "303" of the Complaint herein, defendants repeat and reallege each and every response heretofore made in answer to the allegations contained therein, with the same force and effect as though more fully set forth at length herein.

FIFTY-THIRD: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "304" of the Complaint, and refer issues of law to the court for determination.

FIFTY- FOURTH: Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "305", "306", "307", "308", "309", "310", "311" and "312" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTY-FIFTH: If plaintiff has been injured and damaged as alleged in the Complaint, upon information and belief, such injuries and damages were caused, in whole or in

part, or were contributed to by reason of the carelessness, negligence or want of care on the part of the plaintiff and not by any carelessness, negligence or want of care, on the part of the Defendants FRANK V. CARONE, FRANK R. SEDDIO, and ABRAMS FENSTERMAN, LLP, and if any carelessness, negligence or want of care other than that of the plaintiff caused or contributed to said alleged injuries and damages, it was the carelessness, negligence or want of care on the part of some other party or persons, firm or corporation, his, its or their agents, servants or employees over whom defendants FRANK V. CARONE, FRANK R. SEDDIO, and ABRAMS FENSTERMAN, LLP had no control and for whose, carelessness, negligence or want of care defendants FRANK V. CARONE, FRANK R. SEDDIO, and ABRAMS FENSTERMAN, LLP were not and are not responsible or liable.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTY-SIXTH:   That whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged in the Complaint were in whole or in part the result of the plaintiff's own culpable conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FIFTY-SEVENTH:   The Complaint fails to state a claim cognizable at law as against these answering Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FIFTY-EIGHTH:   That the rights of action and/or the causes of action as set forth in the Complaint as against these answering Defendant are barred by the applicable Statutes of Limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FIFTY-NINTH:   The plaintiff has failed to mitigate its claimed damages, though opportunities to do so have been available to it.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTIETH:   The plaintiff is precluded from recovery on the basis of the doctrine of laches.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

SIXTY-FIRST:   The plaintiff is precluded from recovery on the basis of the doctrine of unclean hands.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SIXTY-SECOND:   The plaintiff is precluded from recovery on the basis of the doctrine of estoppel and/or waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SIXTY-THIRD:   The Complaint fails to state a claim under New York Judiciary Law Section 487.

## AS AND FOR A FIRST CROSS-CLAIM

SIXTY-FOURTH:   To whatever extent Plaintiff proves injury and damage, such injury and damage would have been brought about by the actions and/or omissions of one or more of the other defendants and not by the conduct of the answering Defendants and if Defendants are held liable to the Plaintiff for such injury and damage then in that event Defendants demand that liability be apportioned and Defendants have judgment over and against the other defendants for their culpable share of liability.

WHEREFORE, defendants FRANK V. CARONE, FRANK R. SEDDIO, and ABRAMS FENSTERMAN, LLP respectfully demand judgment dismissing the Complaint, with costs and disbursements, and together with such other and further relief as the Court shall deem just and proper.

Dated: Carle Place, New York
February 20, 2014

        Law Office of STEVEN COHN, P.C.
        *Attorneys for Defendants FRANK V.*
        *CARONE, FRANK R. SEDDIO, and*
        *ABRAMS FENSTERMAN, LLP*

By: _____
    Peter Chatzinoff (PC5625)
One Old Country Road, Suite 420
Carle Place, New York 11514
Phone: (516) 294-6410

TO: All Counsel

TO:    Marc E. Verzani
Attorney for Plaintiff
500 Fifth Avenue, Suite 1610
New York, New York 10010
(212) 275-8900

Abrams Garfinkel Margolis Bergson, LLP
Attn: Robert J. Bergson
Attorneys for Rattet Pasternak, LLP
James B. Gluckman
Robert L. Rattet
1430 Broadway, 17th Floor
New York, New York 10018
(212) 201-1170

Carl E. Person
Defendant, Pro se
225 East 36th Street, Suite 3A
New York, New York 10016
(212) 307-444

Goldberg Segalla LLP
Attn: Peter J. Biging
Attorneys for Defendant Stern,
Keiser & Panken, LLP
Andy Panke
600 Lexington Avenue, Suite 900
New York, New York 10022
(646) 292-8700

Steinberg & Cavaliere, LLP
Attn: Steven A. Coploff
Attorneys for Defendant Reich,
Reich & Reich P.C.
Jeffrey Reich
Lawrence Reich
50 Main Street, Suite 901
White Plains, New York 10606
(914) 761-4200

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK )
                           ) ss.
COUNTY OF NASSAU )

      KORTNEY TETRO, being duly sworn, deposes and says:

That she is over the age of eighteen (18) years, that she is not a party to this action and has this day, to wit: the day on which this Affidavit was sworn to, served upon the party below indicated, via first class mail, the paper(s) thereafter set forth by depositing a true copy thereof, in a sealed wrapper, with postage prepaid thereon in an official depository of the United States Post Office, within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

RE:   HOTI ENTERPRISES, LP v. ANDY PANKEN, STERN KEISER & PANKEN, LLP, LAWRENCE REICH, JEFFREY REICH, REICH, REICH & REICH P.C., DELBELLO DONNELLAN WEINGARTEN WISE & WIDERKEHR, LLP, ROBERT L. RATTET, JAMES B. GLUCKMAN, RATTET PASTERNAK, LLP F/K/A RATTET, PASTERNAK & GORDON-OLIVER, LLP, TANYA DWYER, DAVID S. HAMILTON, DWYER & ASSOCIATES, LLC, FRANK V. CARONE, FRANK R. SEDDIO, ABRAMS FENSTERMAN, LLP F/K/A SEDDION AND CARONE, PLLC, AND CARL E. PERSON
U.S. District Court, Eastern District of NY
Case No.: CV-14-00293

DOCUMENT SERVED:    ANSWER

SERVED UPON:

Marc E. Verzani
500 Fifth Avenue, Suite 1610
New York, New York 10010

Abrams Garfinkel Margolis Bergson, LLP
Attn: Robert J. Bergson
1430 Broadway, 17th Floor
New York, New York 10018

Carl E. Person
225 East 36th Street, Suite 3A
New York, New York 10016

Goldberg Segalla LLP
Attn: Peter J. Biging
600 Lexington Avenue, Suite 900
New York, New York 10022

Steinberg & Cavaliere, LLP
Attn: Steven A. Coploff
50 Main Street, Suite 901
White Plains, New York 10606

                                                          KORTNEY TETRO

Sworn before me on this
20th day of February, 2014

_____
Notary Public

GEORGIA GEHRLING
Notary Public, State of New York
No. 01GE4516544
Qualified in Nassau County
Commission Expires May 31, 20___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: CV-14-00293 (ENV)(SMG)

HOTI ENTERPRISES, LP,

                                  Plaintiff,

-against-

ANDY PANKEN, STERN KEISER & PANKEN, LLP, LAWRENCE REICH, JEFFREY REICH, REICH, REICH & REICH P.C., DELBELLO DONNELLAN WEINGARTEN WISE & WIDERKEHR, LLP, ROBERT L. RATTET, JAMES B. GLUCKMAN, RATTET PASTERNAK, LLP F/K/A RATTET, PASTERNAK & GORDON-OLIVER, LLP, TANYA DWYER, DAVID S. HAMILTON, DWYER & ASSOCIATES, LLC, FRANK V. CARONE, FRANK R. SEDDIO, ABRAMS FENSTERMAN, LLP F/K/A SEDDION AND CARONE, PLLC, AND CARL E. PERSON,

                                    Defendants.

## ANSWER

Law Office of STEVEN COHN, P.C.
Attorneys for Defendants
Frank V. Carone, Frank R. Seddio and
Abrams Fensterman, LLP f/k/a Seddion and Carone
One Old Country Road
Suite 420
Carle Place, New York 11514
Phone: (516) 294-6410
Fax: (516) 294-0094

To:

Attorney(s) for

Service of a copy of the within                           is hereby admitted.

Dated:

                               .....................................
                                Attorney(s) for

**PLEASE TAKE NOTICE**

___    that the within is a (certified) true copy of a
       entered in the office of the clerk of the within named Court on           20

___    that an Order of which the within is a true copy will be presented for settlement to the Hon.
       one of the judges of the within named Court,
    at
    on           20   , at      M.
Dated: